O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7937 AHM (SHx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | WELLS FARGO BANK, N.A. v. AGUIRRE | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On September 9, 2010, plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed an unlawful detainer action in Los Angeles County Superior Court naming Carlos Aguirre ("Defendant") as the single defendant. On October 21, 2010, Defendant sought removal[1] of this cause of action to this Court based on this Court's federal question jurisdiction.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987).

Defendant claims a federal question exists because of "TILA and RESPA Violations," and "My rights to due process of law were denied, as guaranteed under the Fifth and Fourteenth Amendment to the US Constitution." Not. of Removal ¶¶ 5-6. He also notes that he is "removing this case because of the lack of standing of the Plaintiff, and the violations of procedural and substantive due process that are a part of this lack of standing." *Id.* at 3.

A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* William W. Schwarzer, et al.,

---

[1] Docket No. 1.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7937 AHM (SHx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | WELLS FARGO BANK, N.A. v. AGUIRRE | | |

CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2010) § 2:704.5. The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F. Supp. 2d 1041 (N.D. Cal. 2001).

In this case, the underlying complaint for unlawful detainer clearly does not present a federal question and Defendant's own allegations cannot establish a federal question. Therefore, there is no basis for federal question jurisdiction.

Defendant refers to the fact that this action "may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action and the matter in controversy exceeds $75,000." Not. of Removal ¶ 3. However, Defendant does not allege the citizenship of either party in his Notice of Removal, and has therefore failed to establish diversity jurisdiction.

Accordingly, the Court ORDERS, on its own motion, that this action be remanded to Los Angeles County Superior Court for lack of jurisdiction.

**JS-6**

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |